Daniel F. **BACARDI** and Adolfo Comas
Bacardi, Plaintiffs,

v.

**BACARDI CORPORATION, Defendant.**

Civ. A. No. 87–621–JJF.

United States District Court,
D. Delaware.

Jan. 21, 1988.

---

Donald J. Wolfe, Jr., and W. Harding Drane, Jr., of Potter, Anderson & Corroon, Wilmington, Del., for plaintiffs.

R. Franklin Balotti, Jesse A. Finkelstein, and Joseph J. Bodnar, of Richards, Layton & Finger, Wilmington, Del., for defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

Plaintiffs Daniel F. Bacardi and Adolfo Comas Bacardi[1] have filed a motion to remand this action to the Delaware Court of Chancery. Defendant, Bacardi Corpora-

tion, removed this action from state court on the ground that Count III of plaintiffs' complaint arises under the Securities and Exchange Act (the "1934 Act"), 15 U.S.C. § 78a et seq. The Court has reviewed the briefs of the parties and heard oral argument and concluded that plaintiffs' motion to remand must be denied.

## FACTS

The plaintiffs' complaint sets forth a detailed factual account of the events leading to this lawsuit. The Court will attempt to briefly summarize the plaintiffs' allegations before reaching the jurisdictional issue raised in plaintiffs' motion to remand.

Bacardi Corporation is a Delaware corporation with its principal place of business in Puerto Rico. The corporation manufactures and sells rum. The plaintiffs are minority shareholders of the corporation who have been in disagreement with the recent business policies and decisions of the corporation. Plaintiffs allege that the defendant, in an effort to operate beyond the scrutiny of its shareholders, attempted to end its duty to register with and report to the Securities and Exchange Commission. According to plaintiffs, the corporation attempted to reduce the number of its shareholders below three hundred in order to obtain exemption from the provisions of the 1934 Act. In its effort to attain this goal, plaintiffs contend that on April 1, 1987, the corporation announced a proposed 1,000–for–1 reverse split of common stock. The majority of shareholders approved the stock split on May 14, 1987. On that same date, the corporation filed a Form 15 Certificate under sections 12(g) and (h) of the 1934 Act which stated that the corporation had less than three hundred shareholders and was no longer subject to the Act's registration and reporting requirements.

The plaintiffs, in an attempt to compel the corporation's continued compliance with the 1934 Act, established 238 different trusts as the holders of shares of the corporation's common stock. The plaintiffs es-

---

1. Daniel F. Bacardi and Adolfo Comas Bacardi are the named plaintiffs who bring this action individually and as a proposed class action on behalf of the trustees of 238 trusts that allegedly are owners of defendant's common stock.

tablished these trusts by transferring shares of common stock registered in the name of Bahamian Companies and Cayman Island Companies, and held on behalf of members of the Bacardi family, to the newly created trusts. Plaintiffs aver that the trusts were legally established and as of April 23, 1987, the corporation had over three hundred common stock shareholders of record.

Despite the plaintiffs' claim that the trusts were valid, the corporation did not recognize the trusts as holders of record in submitting its Form 15 Certificate. Plaintiffs further contend that the corporation in June and September, 1987, declared two cash dividends but did not pay dividends to the trusts. Moreover, the corporation as of the date of the complaint has apparently still not recognized the trusts as shareholders of record.

The plaintiffs' complaint seeks both declaratory and injunctive relief. Count I of the complaint seeks a declaration that the trusts were bona fide shareholders of the corporation as of April 23, 1987 and also seeks an injunction directing the corporation to acknowledge the validity of the established trusts. Count II similarly seeks a declaratory judgment that the plaintiffs were bona fide shareholders of the corporation by April 23, 1987. In Count III, plaintiffs request a mandatory injunction ordering the defendant to withdraw its Form 15 Certificate and to notify the Securities and Exchange Commission that the corporation is subject to the registration and reporting requirements in sections 12, 13, and 15(d) of the 1934 Act. In Count IV, plaintiffs demand payments of the corporation's two previously declared dividends and recovery for damages suffered by plaintiffs in attempting to register the Trusts with the corporation.

## DISCUSSION

Bacardi contends that this case is properly removed under the federal removal statute, 28 U.S.C. § 1441(a), (b) and asserts that the Court's pendent jurisdiction extends to the state law claims set forth in the plaintiffs' complaint.

The federal removal statute provides in pertinent part:

a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

b) Any civil action of which the district courts have original jurisdiction founded on a claim or a right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441(a), (b). In considering whether this case is removable, the Court must determine whether Count III of plaintiffs' complaint asserts a claim or right that arises under the Securities and Exchange Act of 1934, 15 U.S.C. § 78a.

Courts and commentators have attempted for some time to determine precisely when a case arises under Federal law. *See* C. Wright, Law of Federal Courts, at 63–64 (3d ed. 1976) (since Congress first gave federal courts general original jurisdiction over federal question cases in 1875, no clear test has developed to determine which cases arise under the federal Constitution, law, or treaties). The Supreme Court most recently addressed this question in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). After identifying the various tests used to describe when a case arises under federal law, the Supreme Court observed that the well-pleaded complaint rule serves as a powerful doctrine in identifying federal causes of action. *Id.* at 8–9, 103 S.Ct. at 2845–46. The Court stated:

[W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by any-

thing alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Id.* at 10, 103 S.Ct. at 2846 (*quoting Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914)). In conclusion, the Supreme Court stated that lower federal courts have federal question jurisdiction over "cases in which a well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." 463 U.S. at 27–28, 103 S.Ct. at 2855–56.

 Plaintiffs contend that Count III of the complaint does not, nor was it intended to, state a federal claim. Further, plaintiffs assert that they are only requesting relief under Delaware law and any questions of federal law necessarily involved in the case are insubstantial. If the plaintiffs' complaint only contained a passing reference to a federal statute or alleged facts that could only remotely involve a federal question, the case would not be removable to federal court. *See Gulley v. First National Bank,* 299 U.S. 109, 117, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936) (federal jurisdiction does not extend to cases in which a question of federal law is only "lurking in the background"). However, the language of the plaintiffs' complaint requests relief under the 1934 Act and raises factual issues that will require interpretation and construction of various provisions of the Act. It is inconsequential whether the plaintiffs, as they assert, intended to state a federal claim; the plaintiffs are bound by the language of their complaint.

In Count III, plaintiffs seek an injunction ordering the defendant to withdraw its previously filed Form 15 Certificate and to notify the SEC that Bacardi Corporation is subject to the registration and reporting requirements of the 1934 Act. Any obligation that Bacardi Corporation may or may not have to register and submit information to the SEC is an obligation created by the provisions of the 1934 Act. Federal courts have exclusive jurisdiction over all suits brought to enforce any liability or duty created by the 1934 Act. 15 U.S.C. § 78aa. *Accord First Jersey Securities, Inc. v. Bergen,* 605 F.2d 690, 694 (3d Cir. 1979), *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980); *Puma v. Marriott,* 348 F.Supp. 18, 21 (D.Del.1972). Since plaintiffs request relief which is within this Court's exclusive jurisdiction, the Court finds that Count III of the complaint states a claim arising under federal law.

■ Although only Count III of plaintiffs' complaint raises a federal question, the defendant asks the Court to exercise pendent jurisdiction over the plaintiffs' state law claims. All of plaintiffs' claims involve the same factual background, namely the dispute between the parties concerning the validity of the 238 established trusts. Based on the Supreme Court's ruling in *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), this Court finds that plaintiffs' federal and state claims involve a common set of operative facts and, therefore, will exercise pendent jurisdiction over plaintiffs' state law claims.

For the reasons set forth above, the Court will deny plaintiffs' motion to remand. An order consistent with this opinion will be entered.