Herman **MEINDERS**, Edward L. Northway and American of Floral Services, Inc. Profit Sharing Plan, Plaintiffs,

v.

**REFCO SECURITIES, INC.**, a New York corporation; Refco Group, Ltd., a Delaware corporation; Refco, Inc., an Illinois corporation; Refco Capital Corporation, a Delaware corporation; First Interstate Bank of Denver, N.A., a national banking association; DLO Securities, Inc., a California corporation; Barrington Trading Company, a Delaware corporation; Carroll McEntee & McGinley, Incorporated, a Delaware corporation; Sanwa–Bgk Securities Co., L.P., a limited partnership; Sanwa–Bgk Treasury Securities Co., a corporation; Security Pacific National Trust Company (NY), a national banking association; and Kimberly Goodman, individually, Defendants.

No. 94–B–1520.

United States District Court, D. of Colorado.

Oct. 11, 1994.

Richard P. Slivka, Patrick D. Vellone, Vinton Slivka & Panasci, P.C., Denver, CO, for plaintiffs.

Edward W. Stern, Parcel, Mauro, Hultin & Spaanstra, P.C., Denver, CO, Jack Weinberg, Scott E. Hershman, Marianne Bretton–Granatoor, Therese M. Doherty, Graubard Mollen Horowitz Pomeranz & Shapiro, New York City, for Refco Securities, Inc., Refco Group, Ltd., Refco, Inc., Refco Capital Corp.

Frederick J. Baumann, Samuel M. Ventola, Rothgerber, Appel, Powers & Johnson, Denver, CO, Joseph K. Brenner, Wilmer, Cutler & Pickering, Washington, DC, for First Interstate Bank of Denver, N.A.

William White, Byrne, Kiely & White, Denver, CO, Wilbur L. Kipnes, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for Carroll McEntee & McGinley, Inc.

Miles C. Cortez, Jr., Julie McCurdy Williamson, McKenna & Cuneo, Denver, CO, Martin Flumenbaum, Walter Rieman, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Sanwa–Bgk Securities Co., Sanwa–Bgk Treasury Securities Co.

Robert T. McAllister, Kathryn, Haight Meyer, McAllister & Murphy, P.C., Denver, CO, Paul M. Reitler, James L. Sanders, Beverly A. Johnson, Sheppard, Mullin, Richter & Hampton, Los Angeles, CA, for Security Pacific Nat. Trust Co.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiffs Herman Meinders, Edward L. Northway, and American Floral Services, Inc. Profit Sharing Plan (collectively Plaintiffs) move to remand this action to the District Court of Jefferson County, Colorado. The defendants jointly oppose this motion. The motion is fully briefed and oral argument will not materially aid in its resolution. For all the reasons set forth below, the motion to remand will be granted.

Plaintiffs commenced this case in the District Court of Jefferson County. In their amended complaint, they assert claims for relief under state common law theories of civil conspiracy, fraud, conversion, and negligence. The plaintiffs also claim relief under the Colorado Organized Crime Control Act (COCCA), §§ 18–17–104(3) and (4), 8B C.R.S. (1986) and the Colorado Securities Act, § 11–51–604(5)(c). The defendants removed this case pursuant to 28 U.S.C. §§ 1441. They contend that plaintiffs' COCCA claim and the federal predicate acts asserted with it confers subject matter jurisdiction under 28 U.S.C. § 1331 (federal-question jurisdiction). Plaintiffs move to remand this case on the ground that original subject matter jurisdiction is lacking.

COCCA prohibits "any person employed by, or associated with, any enterprise to knowingly conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity." § 18–17–104(3), 8B C.R.S. (1986). A "pattern of racketeering activity" is defined as "at least two"

predicate acts of racketeering activity. § 18–17–103(3), 8B C.R.S. (1986). Specifically, the plaintiffs allege five predicate acts forming the COCCA pattern: mail fraud, 18 U.S.C. § 1341; wire fraud, 18 U.S.C. § 1343; securities fraud, 15 U.S.C. §§ 78j(b) and 78ff; securities fraud, § 11–51–501, 4B C.R.S. (1994 Supp.); and obstruction of justice, 18 U.S.C. § 1505.

■ As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *Todd Holding Co., Inc. v. Super Valu Stores, Inc.,* 744 F.Supp. 1025, 1026 (D.Colo.1990). For subject matter jurisdiction to exist under § 1331, the civil action must arise under the Constitution, laws, or treaties of the United States. Section 1331 should be construed strictly and all doubts should be resolved in favor of state court jurisdiction. *Aetna Ins. Co. v. Chicago, R.I. & P.R. Co.,* 229 F.2d 584, 586 (10th Cir.1956). Moreover, the burden of establishing federal jurisdiction based on a federal-question rests with the party seeking removal of the action to district court. *Bromenn Healthcare v. Northwestern Nat. Life Ins. Co.,* 806 F.Supp. 799, 803 (C.D.Ill.1992).

■ Thus, to justify removal here, the defendants must establish federal jurisdiction and overcome the strict construction of the jurisdictional statute. The defendants rely on *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) and *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) for the proposition that federal-question jurisdiction exists where a federal private right of action presents a federal law issue in a state law claim. Thus, as the argument goes, plaintiffs' allegation of federal securities fraud as a predicate act is enforceable through a private federal right of action and, thus, it is sufficient to support federal-question jurisdiction. I disagree.

■ While it is true that a case "may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law' ", this state-ment must be read with caution. *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. at 3232, *citing Franchise Tax,* 463 U.S. at 9, 103 S.Ct. at 2846. *Merrell Dow* simply stands for the proposition that in the *absence* of a federal private right of action, the presence of federal law in a state law claim is insufficient to establish federal jurisdiction. *See Todd,* 744 F.Supp. at 1026. The Court did not hold that the *presence* of a federal private right of action inevitably confers federal-question jurisdiction. Consequently, I decline to adopt the defendants' extension of the *Merrell Dow* holding.

Instead, I turn to the general test for federal-question removal: "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax,* 463 U.S. at 10–11, 103 S.Ct. at 2847, *quoting Gully v. First Nat Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Given the limited purpose for which violations of federal law are asserted in this case, the presence of the claimed violation of federal law as an element of the COCCA claim is not sufficiently substantial to confer federal-question jurisdiction. *See Merrell Dow,* 478 U.S. at 814, 106 S.Ct. at 3235. Therefore, in construing strictly § 1331 and resolving all doubts in favor of state court jurisdiction, I conclude that this case must be remanded to state court because original subject matter jurisdiction is lacking. My conclusion is further supported by defendant Wymer's admitted violations of federal law which may negate entirely the need to interpret or apply federal law. *La Freniere v. General Electric Co.,* 572 F.Supp. 857, 859 (N.D.N.Y.1983) (An action does not "arise under" federal law unless it really and substantially involves a dispute respecting the validity, construction, or effect of federal law and upon which the result depends.)

Accordingly, IT IS ORDERED that:

The plaintiffs' motion to remand IS GRANTED.