**GRAHAM COMMERCIAL REALTY, INC., Plaintiff,**

v.

**Albert SHAMSI, Defendant.**

**No. Civ. 298CV96WCO.**

United States District Court,
N.D. Georgia,
Gainesville Division.

Sept. 2, 1998.

## ORDER

O'KELLEY, Senior District Judge.

This case is before the court for consideration of plaintiff's motion for default judgment [8–1] or, in the alternative, motion for a remand to State Court of Forsyth County with an award of reasonable attorneys' fees and expenses [8–2] filed on July 30, 1998. The facts giving rise to these motions are as follows.

Plaintiff Graham Commercial Realty, Inc. filed a breach of contract action against Albert Shamsi in State Court of Forsyth County on March 6, 1997. On June 5, 1998, plaintiff filed an amended complaint, which added a claim under the Georgia Racketeering Influenced and Corrupt Organizations Act, O.C.G.A. § 16–14–4 ("RICO") and increased the amount of damages requested from $74,999.99 to $126,000. Defendant then removed the action to this court on July 6, 1998, asserting jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1331.

## MOTION FOR REMAND

Plaintiff moves for remand and an award of attorneys' fees and expenses, asserting that this court has no federal question jurisdiction under 28 U.S.C. § 1331 and that removal is improper based on diversity of citizenship under 28 U.S.C. § 1446(b).

First, in determining whether there is jurisdiction under 28 U.S.C. § 1331, federal courts look to see whether plaintiff has asserted a claim that "arises under" federal law as set forth in his well-pleaded complaint. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In most cases, "a suit arises under the law that creates the cause of action." *Id.* (citations omitted).

Even though state law creates a plaintiff's cause of action, a case might still "arise under" federal law "if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Board of the State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). However, "the mere presence of a federal issue in a state cause of action does not automatically confer fed-

eral-question jurisdiction." *Merrell Dow,* 478 U.S. at 813, 106 S.Ct. 3229.

Removal statutes are construed narrowly. *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). "Where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

■ A review of plaintiff's amended complaint indicates that plaintiff has asserted a state law breach of contract cause of action and a Georgia RICO claim. Defendant argues that federal question jurisdiction exists because plaintiff has pled violations of ten federal criminal statutes as predicate acts under Georgia's RICO statute. *See* O.C.G.A. § 16–14–3 (defining "racketeering activity" to include violation of U.S. laws). Plaintiff has also alleged nine predicate acts under Georgia law.

After careful consideration, this court finds that asserting violations of federal criminal law as predicate acts to Georgia's RICO act is not sufficiently substantial to confer federal question jurisdiction. *See Patterman v. The Travelers, Inc.,* 11 F.Supp.2d 1382 (S.D.Ga. 1997) (declining to find federal question jurisdiction based on violations of federal mail and wire fraud statutes as elements of plaintiff's Georgia RICO action); *Meinders v. Refco Securities, Inc.,* 865 F.Supp. 721, 723 (D.Colo. 1994) (holding that no federal jurisdiction existed when plaintiff asserted federal mail, wire, and securities violations as predicate acts to a state securities claim).

■ Second, in determining whether defendant properly removed this action pursuant to diversity of citizenship jurisdiction, 28 U.S.C. § 1446(b) clearly states that removal on this basis is improper more than one year after commencement of the action. Plaintiff filed the instant case on March 6, 1997, and defendant removed the action to federal court on July 6, 1998, more than one year after its commencement.

Defendant argues that plaintiff should not be able to avoid federal jurisdiction by waiting until more than one year after commencement of the action to add a claim raising the jurisdictional amount over $75,-000. As a general principle, a plaintiff is the master of his own claim. *Burns,* 31 F.3d at 1095. "Congress has recognized and accepted that, in some circumstances, [a] plaintiff can and will intentionally avoid federal jurisdiction." *Id.* at 1097 n. 12. It is for Congress, rather than the courts, to decide whether to change the policy allowing a plaintiff to avoid federal jurisdiction by amending his claim and seeking damages over the jurisdictional amount after one year from the date he filed suit. *Id.* at 1094 n. 4. Thus, § 1446(b) requires this court to remand the instant action.

■ The remaining issue is whether attorneys' fees are properly awarded to plaintiff for the amount of time spent in litigating this improperly removed case in federal court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) states: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of attorneys' fees is solely in the discretion of the court. *Publix Supermarkets, Inc. v. United Food & Commercial Workers International Union AFL—CIO & CLC,* 900 F.Supp. 419, 421 (M.D.Fla.1995). A finding of bad faith or improper purpose by the removing party is not necessary. *See Miranti v. Lee,* 3 F.3d 925, 929 (5th Cir. 1993); *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir.1993); *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 448 (9th Cir.1992); *Morgan Guaranty Trust Co. of New York v. Republic of Palau,* 971 F.2d 917, 923–24 (2d Cir.1992).

■ In the instant case, defendant asserts without authority that plaintiff's Georgia RICO claim is, in fact, a claim

under the federal RICO Act because plaintiff has set forth various federal crimes as predicate acts (Def.Mem. In Opposition to Pl. Motion for Award of Attorney's Fees p. 8). Indeed, defendant has ignored O.C.G.A. § 19–14–3(9)(B), which defines racketeering activity as including federal offenses. Thus, this court finds that defendant has improperly mischaracterized plaintiff's Georgia RICO claim to assert federal question jurisdiction in his Petition for Removal as well as in his brief in opposition to plaintiff's Motion for Remand.

In addition, removal on the basis of diversity of citizenship jurisdiction is clearly untimely pursuant to § 1446(b). Defendant asks this court to ignore the one year time limit because of plaintiff's purpose to avoid federal jurisdiction. However, the plain language of the statute and Eleventh Circuit precedent reveal that a plaintiff may defeat removal in just the way that Graham Commercial Realty has in this case. Because removal was untimely based on diversity of citizenship jurisdiction and improper based on federal question jurisdiction, this court rules that plaintiff is entitled to recover the amount of expenses incurred as a result of the improper removal of this action, including attorneys' fees.

To avoid further investment of time, this court has reviewed the file and has endeavored to separate the increased work to the plaintiff as a result of the wrongful removal. The court did not consider the amount of work associated with plaintiff's motion for default judgment or motion to compel in this calculation. The court then allocated a reasonable rate of compensation to the amount of time that an attorney would have spent with the removal. While making a determination based on a review of the record is not as accurate as requiring further submissions on the amount of time spent on removal issues, this court is of the opinion that further submissions

would only compound costs. Accordingly, this court awards attorneys' fees to the plaintiff in the amount of $800.

## CONCLUSION

IT IS ORDERED that plaintiff's motion for remand and attorney's fees [8–2] be GRANTED. This case shall be remanded to the State Court of Forsyth County. All pending motions, namely plaintiff's motion to compel [0–1] and motion for default judgment [8–1] and defendant's motion to open default [12–1], are hereby DENIED AS MOOT.

IT IS SO ORDERED.