Carolyn HOROWITZ, M.D., Plaintiff,

v.

MARLTON ONCOLOGY, P.C., Douglas Colkitt, M.D., Joanne Russell, Marcy Colkitt, Equimed, Inc., National Medical Financial Services, Inc., and Oncology Services Corp., Defendants.

No. Civ. 99–3863(JBS).

United States District Court,
D. New Jersey.

Nov. 17, 1999.

Steven J. Fram, John C. Barnoski, Archer & Greiner, Haddonfield, NJ, for plaintiff.

Joseph M. Micheletti, Wolf, Block, Schorr and Solis–Cohen LLP, Camden, NJ, for defendants.

## OPINION

SIMANDLE, District Judge.

In the instant case, this Court is called upon to decide if a state racketeering claim is removable to the federal courts pursuant to federal question jurisdiction, 28 U.S.C. § 1331. As explained below, this Court agrees with several other courts that a state RICO claim does not satisfy federal question jurisdiction under the "well-pleaded complaint" rule, and thus plaintiff's motion for remand will be granted. Accordingly, this Court will have no occasion to reach defendant's motion to dismiss, and that motion will be dismissed without prejudice to defendants' right to renew the motion in the state court. The Court has decided, however, to deny plaintiff's request for attorneys' fees and costs.

### Background

On March 19, 1999, plaintiff Carolyn Horowitz, M.D., filed a complaint in this Court in a case docketed No. 99–1337(JBS), in which plaintiff sought to recover from the above-named defendants for allegedly illegal and wrongful conduct under the civil provisions of the Federal Racketeer Influenced and Corrupt Organization Act ("federal RICO"), 18 U.S.C. §§ 1961 to 1968, as well as under the New Jersey Racketeering Act ("N.J.RICO"), N.J.S.A. 26:41–1 to 4, and state common law claims for breach of contract, breach of the duty of good faith and fair dealing, and conspiracy in aiding and abetting. Plaintiff had alleged that defendants engaged in a scheme to continue fraudulently billing Medicare after the government intervened

in a *qui tam* action which alleged that defendants falsely billed Medicare in excess of $12 million worth of claims. According to plaintiff's allegations, defendants' actions resulted in the suspension of plaintiff's individual physician number and caused her financial losses in excess of $200,000. In response to defendants' motion to dismiss based on failure to state a claim under federal RICO and lack of subject matter jurisdiction, and recognizing that the federal RICO claims were the only basis of federal jurisdiction, plaintiff filed a voluntary dismissal of her federal complaint pursuant to Fed.R.Civ.P. 41 on June 17, 1999.

On July 2, 1999, plaintiff filed a complaint in the Superior Court of New Jersey, Burlington County, Law Division with essentially the same claims but without the federal RICO claims. The complaint alleges that there was a pattern of racketeering activity which included violations of the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 & 1343, as well as violations of the federal money laundering statute, 18 U.S.C. § 1956(a)(1)(A)(i), and securities fraud. (Compl.¶ 75.) On August 13, 1999, defendants filed a Notice of Removal of the State Complaint, stating that plaintiff's state RICO action "is founded upon alleged claims and rights that arise under the laws of the United States" (see Defendants' Notice of Removal). Essentially, defendants contend that federal question jurisdiction exists because the New Jersey Racketeering Act claim relies depends upon violation of federal criminal statutes. On September 21, 1999, plaintiff filed the instant motion for remand.

### Discussion

■ A defendant may only remove to federal court an action originally brought in state court if the plaintiff could have filed the complaint within the original jurisdiction of the federal court in the first place. 28 U.S.C. § 1441(b). If the federal court lacks subject matter jurisdiction over the case, it may remand the matter to state court. 28 U.S.C. § 1447(c). Removal statutes are strictly construed, with all

doubts resolved in favor of remand. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992).

All parties agree that plaintiff has stated no claim directly under federal law and that no diversity exists between the parties. The sole purported basis for federal jurisdiction is defendants' theory that there is federal question jurisdiction by virtue of the fact that the New Jersey RICO claims depend upon proof of violations of federal criminal statutes, such as the federal mail fraud statute, 18 U.S.C. § 1341, the federal wire fraud statute, 18 U.S.C. § 1343, and the federal money laundering statute, 18 U.S.C. § 1956(a)(1)(A)(1), or upon proof of federal securities fraud. This theory does not hold up under the "well-pleaded complaint rule."

■ The "well-pleaded complaint rule," which federal courts apply in determining if a claim "arises under" federal law, provides that "a cause of action 'arises under' federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir.1995) (citation omitted). A plaintiff cannot avoid federal jurisdiction by "artful pleading," *see Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), but plaintiff may generally avoid federal court jurisdiction by exclusively relying on state causes of action. *Glass Molders Intl. Union v. Wickes Companies*, 707 F.Supp. 174, 178 (D.N.J. 1989).

Defendants are correct that in *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), the Supreme Court stated that a claim "arises under" federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Id.* at 9, 103 S.Ct. 2841. Defendants argue on this basis that plaintiff's N.J. RICO claims, which are based upon predicate acts that are

alleged violations of federal law, depend upon the existence of a "substantial, disputed question of federal law," and thus that federal question jurisdiction exists. However, defendants ignore the effects of the Supreme Court's opinion several years after *Franchise Tax Board* in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), in which the Court addressed the "litigation-provoking problem," in which there is a "federal issue in a state-created cause of action." *Id.* at 809–10, 106 S.Ct. 3229 (citation omitted).

*Merrell Dow* was a product liability case in which the plaintiffs alleged state law claims, one of which asserted, as its basis, that the defendants had promoted the product at issue in violation of the Federal Food Drug and Cosmetic Act (the "FDCA"). *Id.* at 805–06, 106 S.Ct. 3229. The Court noted that there was no federal private cause of action for FDCA violations, and thus it would flout congressional intent to allow federal courts to nonetheless provide remedies for those violations just because they are predicate acts or proximate causes under state law. *Id.* at 812, 106 S.Ct. 3229. The Court elaborated further, however, rejecting the defendants' argument that this was an example of the *Franchise Tax Board* situation in which a substantial question of federal law was a necessary element of a state cause of action; the Court stated that Congress' determination that there should be no private cause of action under the FDCA "is tantamount to a congressional conclusion

that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction." *Id.* at 814, 106 S.Ct. 3229.

▪ In order to state a claim under the New Jersey Racketeering Act,[1] a plaintiff must prove (1) the existence of an enterprise affecting trade or commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that defendant participated through a pattern of racketeering activity that must include the allegation of at least two predicate acts. N.J.S.A. 2C:41–2c; *State v. Ball*, 268 N.J.Super. 72, 632 A.2d 1222 (App.Div.1993), *aff'd*, 141 N.J. 142, 661 A.2d 251 (1995), *cert. denied*, 516 U.S. 1075, 116 S.Ct. 779, 133 L.Ed.2d 731. Here, plaintiff has pled predicate acts of federal mail and wire fraud, federal money laundering, and federal securities fraud.[2] Thus, in order to prove her predicate acts, plaintiff will have to prove that defendants violated federal laws.

▪ However, in *Merrell Dow*, the Supreme Court emphasized that federal courts do not have jurisdiction to grant remedies to plaintiffs based on federal violations that are essential elements of state claims if Congress did not give those plaintiffs the ability to assert private causes of action directly under those federal statutes. Here, plaintiff could not have as-

---

1. The N.J. RICO statute is broader than federal RICO in a number of respects. For example, while federal RICO requires a showing a continuity, New Jersey's "pattern requirement" does not. *State v. Ball*, 141 N.J. 142, 168–69, 661 A.2d 251 (1995). Additionally, while a federal RICO claim can only stand against a defendant with operation or management power, under N.J. RICO, the defendant "employed by or associated with an enterprise" need not necessarily have such power. *Id.* at 175, 661 A.2d 251. Thus, it is quite conceivable that one could fail to satisfy a federal RICO cause of action, yet meet the requirements for a successful N.J. RICO claim.

2. Defendants contend that plaintiff has also alleged predicate acts of violations of the False Claims Act. This is untrue. While the Complaint states that the "pattern of racketeering activity engaged in by said Defendants consisted of numerous violations of the federal mail and wire fraud statutes ..., as outlined in this complaint and in the [government's] False Claims Complaint, and security fraud, as outlined in this Complaint and in [someone else's] Securities Fraud Complaint" (Compl.¶ 84), it does not list violations of the False Claims Act as a predicate act.

serted a private right of action under any of these criminal statutes. As defendants concede, no civil claims exist at all under the mail fraud, wire fraud, or money laundering statutes. While there can be, as defendants point out, civil claims for federal securities fraud, there is no private civil cause of action for securities fraud for individuals who, like plaintiff, are not purchasers or sellers of securities. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *Zlotnick v. TIE Communications,* 836 F.2d 818, 821 (3d Cir.1988). Congress chose to give purchasers or sellers of securities the right to sue in the federal courts for civil remedies, but Congress did not choose to give federal relief to people allegedly hurt by securities fraud despite the fact that they were neither purchasers nor sellers of securities. If the plaintiff could not have sued directly under the federal statute itself, then allowing federal jurisdiction for a state claim because that state claim is predicated on an alleged violation of that federal law would flout congressional intent and the implied congressional conclusion that the claimed violation is "insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow,* 478 U.S. at 814, 106 S.Ct. 3229.

■ Moreover, even though Congress has provided for a federal civil remedy for securities fraud by somebody (not including plaintiff), that would not necessarily mean that federal question jurisdiction is mandatory. In *Meinders v. Refco Securities, Inc.,* 865 F.Supp. 721 (D.Col.1994), one of two district courts to address the removability of state RICO claim held that state RICO claims were not removable to federal court on the basis that they relied upon violations of federal law. *Id.*

at 723. The plaintiffs in that case sought relief under state common law theories as well as under the Colorado Organized Crime Control Act ("COCCA") and the Colorado Securities Act. *Id.* at 722. The COCCA claim was based on predicate acts of federal mail and wire fraud, federal securities fraud, and federal obstruction of justice. *Id.* Defendants removed the action asserting that the COCCA claim and its predicate acts conferred federal question jurisdiction. *Id.* The District of Colorado remanded the action to state court, finding that the violations of federal law were asserted for only a limited purpose. *Id.* at 723. The district court recognized that the plaintiffs (who, unlike plaintiff in the instant case, were purchasers or sellers of securities) did have a private cause of action for federal securities fraud, but found that this does not make the securities fraud predicate act a "substantial" question of federal law. *Id.* In doing so, the district court opined that *Merrell Dow* "simply stands for the proposition that in the *absence* of a federal private right of action, the presence of a federal law in a state law claim is insufficient to establish federal jurisdiction. The Court did not hold that the *presence* of a federal private right of action inevitably confers federal-question jurisdiction." *Id.* (emphasis in original). Looking to the general test for federal question removal, the district court found that the securities fraud was not an essential element of the racketeering claim. *Id.*[3]

The only other federal court to address the issue also held that state RICO claims are not removable. *See Patterman v. Travelers, Inc.,* 11 F.Supp.2d 1382 (S.D.Ga.1997). In that case, the plaintiffs alleged violations of federal mail and wire

---

**3.** Defendants argue that the *Meinders* case is distinguishable because, in that case, "defendant had admitted the violations of federal law, therefore negating entirely any need to interpret or apply federal law." (Defs.' Opp'n Br. at 8.) Defendants' statement mischaracterizes the *Meinders* opinion. In *Meinders,* the district court first held that it lacked subject matter jurisdiction. 865 F.Supp. at 723. Then

the Court went on to say that its decision was further supported by the fact that one of the numerous defendants admitted violations of federal law, *possibly* negating the need to interpret or apply federal law. *Id.* The district court stated this as an afterthought and, in any case, did not state it in absolutes as defendants contended.

fraud statutes as predicate acts for violation of the Georgia RICO Act. *Id.* at 1385. The defendants removed the case to federal court claiming, in part, that plaintiffs included "disguised federal securities claims" in the state RICO claim. *Id.* The Southern District of Georgia held that the plaintiffs had not artfully pleaded federal securities claims, but rather had specifically "limited their theory of recovery to claims under state law," *id.* at 1388, and that the claimed violations of federal mail and wire fraud statutes as elements of the state RICO claim were "not sufficiently substantial to confer federal question jurisdiction." *Id.* at 1388–89.

■ As in *Patterman,* plaintiff in the instant case chose to forego federal claims. She does not seek to recover damages for violations of federal law; she has elected to proceed purely under state law claims. Her cause of action will succeed if she satisfies the elements intended by the New Jersey Legislature. That New Jersey borrowed a federal definition for an element of this state law cause of action cannot operate to confer jurisdiction upon the federal court. The proposition that the lower federal courts are courts of limited jurisdiction, empowered under Article III to exercise jurisdiction only to the extent conferred by Congress, is too plain for citation. If a state's legislature could borrow a federal definition for an element of a cause of action and thereby confer federal question jurisdiction upon a federal court, it would offend the concept that only acts of Congress may do so. Plaintiff's claims simply do not "arise under" federal law. This Court lacks subject matter jurisdiction, and this case will be remanded to the Superior Court of New Jersey, Burlington County, Law Division.[4]

### Attorneys' Fees and Costs

■ The statutes governing removal specifically allow a court, in connection with remand of a matter, to award fees and expenses incurred as a result of the removal:

> An Order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). That power, however, is discretionary. Here, this Court exercises its discretion to deny that ward because defendant's basis for removal, though rejected, was colorable. The *Franchise Tax Board* case is still good law; this Court has simply found that the *Merrell Dow, Meinders,* and *Patterman* cases govern the circumstances of this case.

### Conclusion

For the reasons expressed above, this case will be remanded to the Superior

---

4. Defendants have stated several other cases for the proposition that removal is proper when the outcome of state law claims is determined by the existence of a violation of federal law. These cases are all distinguishable, *see Marcus v. AT & T Corp.,* 138 F.3d 46 (2d Cir.1998) (federal court retained jurisdiction because source of state claim was tariff, relief which could only be provided by federal courts because federal courts had exclusive jurisdiction), *Bacardi v. Bacardi Corp.,* 677 F.Supp. 253 (D.Del.1988) (removal was proper because plaintiff sought actual relief under federal securities laws), and *Calhoon v. Bonnabel,* 560 F.Supp. 101, 107 (S.D.N.Y.1982) (removal was proper because claim was in exclusive authority of federal courts). The remainder of the cases, *Nuclear Engineering Co. v. Scott,* 660 F.2d 241, 249 (7th Cir.1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982), *Grays Ferry Cogeneration Partnership v. PECO Energy Co.,* 998 F.Supp. 542, 549 (E.D.Pa.1998), *Gandy v. The Peoples Bank and Trust Co.,* 224 B.R. 340, 343 (S.D.Miss.1998), and *Bauchelle v. AT & T Corp.,* 989 F.Supp. 636 (D.N.J.1997), all stand for the general proposition that removal is proper where a state claim cannot be decided without a resolution of federal laws. The general proposition is not challenged here. Rather, plaintiff simply argues that this is not a case that state claim that inherently turns on interpretation of federal law, and none of the aforementioned cases help defendants with the particular factual situation before this Court. In fact, in a couple of those cases, *see Bauchelle,* 989 F.Supp. 636, and *Grays Ferry,* 998 F.Supp. 542, the courts ultimately found that the claims did not arise under federal law and that removal was therefore improper.

Court of New Jersey, Burlington County, Law Division, because this Court lacks subject matter jurisdiction. This should not surprise defendants, as they originally argued that plaintiff's first federal complaint should have been dismissed for lack of subject matter jurisdiction once the federal RICO claim was dismissed. Defendants were correct then that the state RICO claims and other state claims did not confer federal court jurisdiction. The law of federal question jurisdiction has not changed since defendants made that motion to dismiss plaintiff's federal complaint in late spring of 1999; those state claims still do not provide a basis of federal question jurisdiction. As this Court has neither federal question nor diversity jurisdiction, plaintiff's motion for remand will be granted. As a result, this Court does not have jurisdiction to hear defendants' motion to dismiss, which will be dismissed without prejudice. The plaintiff's request for attorney's fees and costs, however, is denied. The accompanying Order is entered.

### ORDER

This matter having come before the Court upon plaintiff's motion to remand this case to the Superior Court of New Jersey, Burlington County, Law Division and defendants' motion to dismiss; and this Court having considered the parties' submissions; and for the reasons expressed in an Opinion of today's date;

IT IS this *** day of November 1999 hereby

ORDERED that plaintiff's motion to remand this case to the Superior Court of New Jersey, Gloucester County, Law Division be, and hereby is, *GRANTED*; and it is

ORDERED that plaintiff's request for attorney's fees and costs be, and hereby is, *DENIED*; and it is

ORDERED that defendants' motion to dismiss be, and hereby is, *DISMISSED WITHOUT PREJUDICE* to defendants'

right to seek dismissal before the Superior Court of New Jersey.