**SCHIFFER PUBLISHING, LTD., et al., Plaintiffs,**

v.

**CHRONICLE BOOKS, LLC, et al., Defendants.**

No. Civ.A.03–4962.

United States District Court, E.D. Pennsylvania.

Aug. 11, 2004.

---

Cheryl L. Slipski, Nancy A. Rubner–Frandsen, Drinker Biddle & Reath, LLP, Philadelphia, PA, for Plaintiffs.

David A. Squellati, Jennifer L. Small, Fenwick & West LLP, Mountain View, CA, Kathleen Laubenstein, Hangley Aronchick Segal & Pudlin, Philadelphia, PA, Kathryn J. Fritz, Fenwick & West LLP, San Francisco, CA, for Defendants.

## *MEMORANDUM AND ORDER*

SCHILLER, District Judge.

Plaintiffs Schiffer Publishing Ltd., The Connecticut Quilt Search Project, Shirley Friedland, Constance Korosec, and Leslie Pina bring this action against Defendants Chronicle Books, LLC and The Ivy Press Limited alleging violations of the Copyright Act, Lanham Act, and Digital Millennium Copyright Act ("DMCA"), as well as state-law claims for unjust enrichment and unfair competition. Presently before the Court are the parties' cross-motions for summary judgment. Because this case presents disputed issues of material fact—indeed, the Court cannot recall another case involving so many facts concerning material, disputed or otherwise—the Court denies Plaintiffs' motion for summary judgment and grants in part and denies in part Defendants' motion.

## I. BACKGROUND

The facts of this case weave the following story. Plaintiffs are the authors and publishers of books about textiles. (Pls.' Mot. for Summ J. at 3; Defs.' Mot. for Summ. J. at 4.) These books, with titles such as *Dots: A Pictorial Essay on Pointed Printed Patterns* and *Paisley: A Visual Survey of Pattern and Color Variations*, contain photographs of fabrics and fabric swatches and are registered with the United States Copyright Office. (Am. Compl.Exs.3, 6, 9, 12, 15, 18, 21, 24, 27, 30, 33, 36, 39.) It is undisputed that Plaintiffs or their agents created the photographs in these books (Pls.' Mot. for Summ. J. at 6–16; Defs.' Mot. for Summ. J. at 5–8), but, as discussed below, the parties needle each other regarding how the photographs were taken.

Defendants are the publishers and putative copyright owners of a book entitled *1000 Patterns*. (Defs.' Mot. for Summ. J. at 1; Pls.' Mot. for Summ. J. at 22–23.) This volume includes a number of photographs that had previously appeared in Plaintiffs' books. (Defs.' Mot. for Summ. J. at 2 ("The visual images alone came from over 100 sources, including the compilations of Plaintiffs at issue here.").) The narrative thread of Plaintiffs' case is that Defendants violated Plaintiffs' copyrights and pulled the wool over their readers' eyes by publishing Plaintiffs' photographs in *1000 Patterns*.[1] The warp and

---

1. In effect, Plaintiffs' non-copyright claims are for "reverse passing-off," i.e., Defendants'

woof of Defendants' argument is that the photographs in question are insufficiently original to warrant copyright protection.

## II. STANDARD OF REVIEW.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of identifying those portions of the record that it believes illustrates the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has sewn up its burden, the non-moving party must offer admissible evidence that establishes a genuine issue of material fact that should proceed to trial. *See id.* at 324, 106 S.Ct. 2548; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Such affirmative evidence—regardless of whether it is direct or circumstantial—must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams v. Borough of West Chester,* 891 F.2d 458, 460–61 (3d Cir.1989).

A court may grant summary judgment if the fabric of the non-moving party's evidence is insufficient "to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. In making this determination, the non-moving party is entitled to all reasonable inferences. *See Pollock v. Am. Tel. & Tel. Long Lines,* 794 F.2d 860, 864 (3d Cir.1986). A court, however, must tailor its review to avoid making credibility determinations or weighing the evidence in ruling on summary judgment. *See Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *see also Goodman v. Pa. Tpk. Comm'n,* 293 F.3d 655, 665 (3d Cir.2002).

## III. DISCUSSION

Each party moves for summary judgment on each of Plaintiffs' causes of action. These claims are discussed below seriatim.

### A. Copyright Infringement

██ There are two elements to a copyright infringement claim: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *see also Dam Things from Denmark v. Russ Berrie & Co., Inc.,* 290 F.3d 548, 561 (3d Cir.2002). A copyright registration certificate issued within five years of the work's publication date creates the presumption that the first prong has been satisfied. 17 U.S.C. § 410(c). This presumption is rebuttable and "shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights." *Masquerade Novelty, Inc. v. Unique Indus., Inc.,* 912 F.2d 663, 668–69 (3d Cir.1990); *see also Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217–18 (9th Cir.1997) (holding that district court did not err in finding that defendant met its burden to provide evidence bringing validity into question) *(citing Masquerade); Andrien v. S. Ocean County Chamber of Commerce,* 927 F.2d 132, 134 (3d Cir.1991). In order to meet its burden, the defendant must produce evidence relevant to the grounds on which defendant claims the copyright is invalid. *See Masquerade,* 912

sale of Plaintiffs' product under Defendants' name.

F.2d at 668–69 ("The burden on the defendant to rebut the presumption varies depending on the issue bearing on the validity of the copyright.").

Where "the issue is whether the copyrighted article is 'original,' the presumption will not be overcome unless the defendant offers ... probative evidence as to originality." *Id.* The originality standard requires "at least some minimal degree of creativity." *Southco, Inc. v. Kanebridge Corp.*, 258 F.3d 148, 151 (3d Cir. 2001) (*quoting Feist*, 499 U.S. at 345, 111 S.Ct. 1282). This "minimally creative" standard is intended to exclude from copyright protection "a narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent." *Id.* (*quoting Feist*, 499 U.S. at 358–59, 111 S.Ct. 1282). "When considering originality, therefore, the court must determine whether the author's creativity is enough to overcome a charge of triviality." *Dam Things from Denmark*, 290 F.3d at 564 (holding that district court erred in applying "substantially similar" test to originality inquiry). "Elements of originality in a photograph may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved." *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir.1992); *see also Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC*, 259 F.3d 25, 36 (1st Cir.2001) ("[C]hoices as to lighting, background, angle and positioning are protected.").

In this case, Plaintiffs may not be granted summary judgment because

Defendants have met their burden of raising material factual disputes concerning the originality of Plaintiffs' photographs. Plaintiffs argue that the originality of the photographs is found in six specific areas: (1) the decision regarding whether to include a particular design in a book; (2) "how to capture the desired expression"; (3) how much of a pattern to include; (4) height and direction of the photography; (5) selection of lens, angle, and exposure; and (6) arrangement of light and shade. (Pina Decl. ¶ 7; Pls.' Mot for Summ. J. at 30.) Defendants dispute that any of these areas demonstrates the photographs' originality. The Court agrees with Defendants that number (1) is irrelevant, for it relates to the originality of the books rather than the photographs, and number (2) is simply a broad, vague statement of numbers (3) through (6). Numbers (3) through (6), however, are subjects of disputes of material fact. Specifically, Defendants have provided evidence that number (3) may be factually incorrect, in that Plaintiffs may have photographed the entirety of the fabric swatches. (*See* Ng Dep. Exs. D–78, D–79.)[2] Similarly, Defendant has provided evidence that decisions regarding factors (4) through (6), while potentially part of the photographers' general practices, may not have been actually made concerning the photographs at issue. (*See, e.g.*, Pina Dep. at 108–09 (stating that camera was chosen because it is "user friendly"); Ng Dep. at 77 (stating that choice of camera was made because of "preference").) Thus, because Plaintiff has provided prima facie evidence of validity and because there are disputes of material fact regarding

2. To the extent that Plaintiffs argue that originality arises from cropping these photographs before publication, this position is at odds with Plaintiffs' claim throughout discovery that any "differences between ... photographs as taken and ... photographs as modified for publication ... is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence." (*E.g.*, Pina Resp. to First Set of Requests for Admission at Request No. 3; Korosec Resp. to First Set of Requests for Admission at Request No. 3.)

whether Defendant has overcome that evidence under the "minimally creative" standard, summary judgment may not be granted to either party on the question of originality.[3]  Accordingly, the issue of validity—and, by extension, copyright infringement as a whole—must be reserved for trial.[4]

## B.  Lanham Act Violations

■  Plaintiffs allege that Defendants violated §§ 43(a)(1)(A), (B) of the Lanham Act. Section 43(a)(1) prohibits any "misleading representation of fact which (A) is likely to cause confusion ... as to the origin ... of ... goods ..., or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, [or] qualities ... of his or her or another person's goods." 15 U.S.C. § 1125(a)(1).  In *Dastar Corp. v. Twentieth Century Fox Film Corp.*, the Supreme Court held that the phrase "origin of goods" in § 43(a)(1)(A) encompassed only "the producer of the tangible goods that are offered for sale, and not the author of any idea, concept, or communication embodied in those goods."  539 U.S. 23, 37, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003) (holding that no Lanham Act liability attached to defendant "merely saying it is the producer of the [allegedly offending product]").  Accordingly, because Defendants are the physical producers—the fabricators, so to speak—of *1000 Patterns*, they cannot be held liable under § 43(a)(1)(A) even if they

are not the creators of the pictures at issue.  *Id.; see also Zyla v. Wadsworth*, 360 F.3d 243, 251–52 (1st Cir.2004) (holding that author's allegation that name was removed from book did not state Lanham Act claim).

■  Plaintiffs argue that Defendants may nonetheless be held liable under § 43(a)(1)(B) for "misrepresent[ing] the nature, characteristics, [or] qualities" of *1000 Patterns*.  Specifically, Plaintiffs cite promotional materials issued by Defendants stating that "[e]very pattern [in *1000 Patterns*] is accompanied by information on its original source and history." (Am. Compl.Ex. 45.)  Plaintiffs claim that the accompanying information to which this statement refers fails to note that "Plaintiffs are the original source." (Pls.' Mot for Summ. J. at 46.)  Plaintiffs neglect to mention, however, that they are indisputably not the original source of the *patterns* in *1000 Patterns*; thus, the promotional statement is not false by virtue of its failure to attribute to Plaintiffs patterns that they did not create.  In total, therefore, Plaintiffs have provided no evidence supporting a cause of action under the Lanham Act, and Defendants' motion for summary judgment on this claim is granted.

## C.  DMCA Violations

The DMCA prohibits distributing false copyright information "knowingly and with

---

**3.**  Defendants also argue that Plaintiffs may not be granted summary judgment because, contrary to the Copyright Examiner's express instructions, Plaintiffs omitted certain material information from their registrations and thereby voided the presumption of validity. The Court, however, makes no holding on this issue because, as discussed above, disputes of material fact concerning originality preclude the grant of summary judgment to Plaintiffs even if the presumption of validity is applied.

**4.**  Because of this holding, the Court does not reach the other questions presented concerning copyright infringement, such as whether the photographs are derivative works, what standard to apply to the copying analysis, and whether the fair use doctrine applies. The Court acknowledges that these issues are potentially dispositive, but rather than assuming arguendo that the copyrights are valid in order to reach these questions, the Court will hold them in abeyance until resolution of the validity issue at trial.

the intent to induce, enable, facilitate, or conceal [copyright] infringement" or altering or removing such information "knowing, or ... having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202.

Plaintiffs move for summary judgment on their claims that Defendants violated the DMCA by: (a) falsely naming Defendants as the copyright holders of the pictures published in *1000 Patterns;* and (b) "removing" Plaintiffs' copyright notices from those pictures. As discussed above, there are material issues in dispute regarding whether Plaintiffs possessed valid copyrights to the pictures, and therefore whether Defendants' reproductions constitute infringement. Thus, summary judgment cannot be granted to Plaintiffs on this claim.

■ Defendants move for summary judgment on the ground that Plaintiffs cannot make out the knowingness element of a DMCA violation. In response, Plaintiffs produce what appears to be an internal Ivy Press document instructing, with regard to pictures taken from Plaintiffs' publications, "do not over use [sic] and mix up as much as possible ... if lots are used together it will become apoparant [sic] we have ripped off books." (Frandsen Decl. Ex. 1 at IP000753.) This document certainly tends to show knowingness of "ripping off" on the part of Defendants and therefore precludes granting summary judgment to Defendants on the DMCA claim.

## D. Unfair Competition and Unjust Enrichment

■ Plaintiffs assert claims of unjust enrichment and unfair competition under a "reverse passing-off" theory of liability. Defendants move for summary judgment on grounds of preemption. Section 301(a) of Title 17 provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright ... are governed exclusively by this title.... [N]o person is entitled to any such right or equivalent right ... under the common law or statutes of any State." 17 U.S.C. § 301(a). This clause expressly preempts all state-law claims "equivalent" to a federal copyright claim. The Third Circuit and other courts have determined that a state-law claim is not "equivalent" if it requires an "extra element" that is "qualitatively different from mere unauthorized copying." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.,* 307 F.3d 197, 218 (3d Cir.2002) (*quoting Data Gen. Corp. v. Grumman Sys. Support Corp.,* 36 F.3d 1147, 1165 (1st Cir.1994)).

■ At least one court in this district has held, after thorough analysis of cases from a variety of federal courts, that "the Copyright Act preempts an unfair competition claim premised on a misappropriation theory, that is, 'reverse passing off.'" *Fun–Damental Too, Ltd. v. Universal Music Group, Inc.,* Civ. No. 97–1595, 1997 WL 381608, at *5, 1997 U.S. Dist. LEXIS 9597, at *4 (E.D.Pa. July 8, 1997). In response, Plaintiffs cite *County of Delaware v. Government Systems, Inc.,* in which the court noted that if "a state cause of action requires an 'extra element,' in addition to or instead of an act ... that would be prohibited under the Copyright Act, there is no preemption of the state cause of action, provided that 'extra element' changes the nature of the action so that it is qualitatively different from a copyright infringement claim." 230 F.Supp.2d 592, 598 (E.D.Pa.2002). Plaintiffs fail to explain how their state-law claims, which are based on alleged falsification of copyright information, are "qualitatively different" from their federal claim

of copyright infringement. In addition, the *Government Systems* court was not faced with a genuine preemption issue because the plaintiff in that case asserted breach-of-contract claims unrelated to any copyright infringement. *Id.* at 599 n. 10 ("In fact, it seems that no claim under the Copyright Act is available to [plaintiff] under these facts."). Thus, the Court finds the *Fun–Damental Too* case persuasive and holds that Plaintiffs' reverse passing-off state-law claims are preempted by federal copyright law, and summary judgment is accordingly granted to Defendants on this claim.

## IV. CONCLUSION

Plaintiffs have failed to knit together a legal basis for their Lanham Act and state-law claims, and therefore summary judgment is granted to Defendants on these claims. In contrast, factual disputes loom large regarding Plaintiffs' copyright and DMCA claims, such that summary judgment thereon is not appropriate. An appropriate Order follows.

### *ORDER*

**AND NOW,** this 11th day of August, 2004, **upon consideration of Plaintiffs' Motion for Summary Judgment, Defendants' Motion for Summary Judgment, Defendants' Motion to Strike the Expert Reports of Richard Weisgrau, Defendants' Motion to Strike the Declaration of Peter B. Schiffer, the responses thereto, and for the foregoing reasons, it is hereby** ORDERED **that:**

1. Defendants' Motion for Summary Judgment is **GRANTED in part** and **DENIED in part,** as follows:

   a. Judgment is entered in favor of Defendants and against Plaintiffs as to Counts II, III, and V of the Amended Complaint.

   b. In all other respects, Defendants' Motion for Summary Judgment is **DENIED.**

2. Plaintiffs' Motion for Summary Judgment (Document No. 21) is **DENIED.**

3. Defendants' Motion to Strike the Expert Reports of Richard Weisgrau (Document No. 25) is **DENIED as moot without prejudice.**

4. Defendants' Motion to Strike the Declaration of Peter B. Schiffer (Document No. 26) is **DENIED as moot without prejudice.**